## City of Beardstown v. Nellie J. Clark.

1. INSTRUCTIONS—*Duty of City in Regard to Sidewalks.*—An instruction which states that it is the duty of the city to keep its sidewalks in a reasonably safe condition is erroneous, the law only requiring it to use reasonable care to keep them reasonably safe; but such an instruction is not reversible error where the evidence shows that the authorities of the city had been so manifestly negligent in not using any care whatever in keeping the sidewalk in a reasonably safe condition, that the jury could not have been misled or the city prejudiced by it.

2. PRACTICE—*Special Finding of an Evidentiary Fact.*—A special finding can only be asked upon an ultimate and not an evidentiary fact.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

CONNOLLY & BARNES, attorneys for appellant.

MILLS & McCLURE, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee, Nellie J. Clark, sued the appellant, the city of Beardstown, in the Circuit Court of Cass County, in an action on the case to recover damages for injuries which she sustained from a fall alleged to have been occasioned by reason of the authorities of the city failing to use reasonable care to keep and maintain a certain sidewalk upon one of the principal streets of the city in a reasonably safe condition. The city pleaded not guilty and the case being tried by jury resulted in a verdict in favor of appellee for $2,080 from which she remitted $580, and the court after

overruling a motion by the city for a new trial gave judgment on the verdict for the remaining $1,500.

From that judgment the city prosecuted this appeal and to reverse it insists that the court committed reversible error in giving an improper instruction at the instance of appellee, and in refusing to require the jury to answer a proper interrogatory requested by the city.

The evidence shows that the sidewalk in question was constructed of wooden stringers laid lengthwise, upon which planks were nailed crosswise; that it had been constructed some ten or fifteen years before the appellee fell, while walking upon it with reasonable care, the cause of her falling being that one of her feet caught in a hole in one of the cross-planks which was and had been badly decayed for several years.

The sidewalk in question had not been repaired since it was built and the stringers and cross-planks were so badly decayed that there were many loose planks with decayed parts, making dangerous holes where people had to walk. When the appellee got her foot caught she fell into a sitting position, badly injuring her ankle and dislocating her womb, which caused her afterward to suffer constantly from what is called "falling of the womb," which may be permanent.

The court at the request of the appellee instructed the jury that it was the duty of the city to keep its sidewalks in a reasonably safe condition, while the law only required it to use reasonable care to keep them reasonably safe, and for that error we are urged to reverse the judgment; and because the court refused to require the jury to find specially whether or not appellee could have seen the hole in which her foot caught had she used her eyes to direct her feet, as requested by the city, it is insisted that that also was reversible error.

While the instruction complained of was improper for the reason pointed out, yet since the evidence shows that the authorities of the city had been so manifestly negligent in not using any care whatever in keeping the side-

walk in a reasonably safe condition, the jury could not have been misled or the city prejudiced by it. And for that reason the giving of it was not such prejudicial error as calls for a reversal of the judgment.

The special finding which was refused, only called for an evidentiary fact, and it was properly refused, for the city was only entitled to have the jury specially find ultimate and controllable facts.

As the court committed no such prejudicial error as calls for a reversal of the judgment, we will affirm it.

Affirmed.